COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|                     | §  |                        |
| ------------------- | --- | ---------------------- |
| IN RE:              | §  | No. 08-15-00161-CR     |
| THE STATE OF TEXAS, | §  | AN ORIGINAL PROCEEDING |
| Relator.            | §  | IN MANDAMUS            |
|                     | §  |                        |
|                     | §  |                        |

## **O P I N I O N**

The State of Texas has filed a petition asking the Court to issue a writ of mandamus against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas, ordering him to vacate an order releasing the real party in interest, Crispen Hanson, from custody after he had surrendered himself to begin serving an eight-year sentence in the Texas Department of Criminal Justice-Institutional Division. We dismiss this original proceeding as moot.

The real party in interest, Crispen Hanson, was charged by indictment with capital murder (Count I), murder (Count II), and injury to a child (Counts III and IV) in cause number 20120D03212. The State dismissed Counts I and II in exchange for Hanson's plea of guilty to Counts III and IV, and the trial court assessed Hanson's punishment in accordance with the plea bargain at imprisonment for a term of eight years. The judgment included a delayed surrender date of February 2, 2015, but the trial court granted Hanson's motion to extend the surrender date to March 16, 2015. Hanson filed another motion seeking an extension of the surrender date

allegedly due for medical reasons, but the trial court did not conduct a hearing before the surrender date, and Hanson surrendered himself on March 16, 2015 in compliance with the trial court's order. Hanson subsequently filed a motion requesting that he be released on bond. On April 14, 2015, the trial court entered an order granting Hanson's motion to be released on bond and releasing Hanson from custody.

On May 13, 2015, the State filed a mandamus petition to challenge the order releasing Hanson, and we requested that Hanson file a response no later than July 1, 2015. On June 11, 2015, the trial court filed a document titled "Sua Sponte Motion to Hold a Hearing to Determine Whether to Suspend the Remainder of the Defendant's Prison Sentence and Place the Defendant on Community Supervision."[1] Four days later, on June 15, 2015, the court conducted a hearing and entered an order suspending further imposition of Hanson's prison sentence and placing him on shock probation. The court signed an amended order on June 25, 2015 which included findings of fact. The State filed written notice of appeal on July 13, 2015. In its mandamus petition, the State argues that the Court of Criminal Appeals has exclusive jurisdiction to release from confinement a person who has commenced serving a sentence pursuant to a final felony conviction. Hanson and Respondent both argue that the mandamus proceeding is moot due to the entry of the "shock probation" order. A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). For a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought. *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994).

---

[1] This document is contained in the clerk's record in a related appeal. *See State of Texas v. Crispen Hanson*, cause number 08-15-00205-CR.

Respondent initially released Hanson from custody on April 14, 2015 after he had begun serving his eight-year prison sentence. The State did not have a right to appeal that order, so it challenged it by filing a petition for writ of mandamus. Respondent subsequently entered an order placing Hanson on what is commonly referred to as "shock probation" pursuant to former Article 42.12, §6.[2] The entry of the shock probation order has effectively rendered the April 14, 2015 order a nullity, and there is no longer a real controversy between the parties with respect to that order. Accordingly, we grant Respondent's motion to dismiss and dismiss this original proceeding as moot.

ANN CRAWFORD McCLURE, Chief Justice

July 26, 2017

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating

(Do Not Publish)

---

[2] Effective January 1, 2017, the Texas Legislature repealed Article 42.12 and enacted Chapter 42A, which is a non-substantive revision of the community supervision laws. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 1.01, 3.01, 4.01-.02 (codified at TEX.CODE CRIM.PROC.ANN. ch. 42A). Former Article 42.12, § 6 addressed the continuing jurisdiction of a court in felony cases. The current version of the statute is Article 42A.202. *See* TEX.CODE CRIM.PROC.ANN. art. 42A.202 (West Supp. 2016).